NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JUAN ANGEL VILLA, *Appellant.*

No. 1 CA-CR 18-0381
FILED 6-20-2019

---

Appeal from the Superior Court in Maricopa County
No. CR2017-136804-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED AS MODIFIED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Kerri L. Chamberlin
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

_____

**C A T T A N I**, Judge:

¶1 Juan Angel Villa appeals his convictions of aggravated assault and resisting arrest, and the resulting sentences. Villa's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Villa was given the opportunity to file a supplemental brief, but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Villa's convictions and sentences but vacate the order that he pay costs associated with DNA testing.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 In August 2017, Officer Calandra of the Phoenix Police Department was on duty around 2:00 a.m. when he noticed Villa riding a bicycle without a light mounted to the front. Calandra made a U-turn, activated his lights and sirens, and stopped Villa.

¶3 Officer Calandra and his partner, Officer Jusseaume, got out of their patrol vehicle and walked towards Villa. As both officers approached Villa, he re-mounted his bicycle and rode away from them. The officers ran back to their car, again activated the siren, and followed Villa. The officers drove past Villa and pulled in front of him and Officer Jusseaume opened the passenger door as Officer Calandra was parking the car. Villa got off his bicycle and ran towards Officer Jusseaume, ultimately knocking the officer to the ground.

¶4 Both officers attempted to restrain Villa, but he refused their directives until Officer Jusseaume was eventually able to get him in a control hold.

¶5 Villa was charged with aggravated assault of an officer, a Class 5 Felony, and resisting arrest, a Class 6 Felony. The jury found Villa guilty on both counts, and found that Villa was on release from probation

at the time of the offense. The trial court found that Villa had one historical felony conviction, and sentenced him to concurrent presumptive terms of 2.25 years' imprisonment for Count 1 and 1.75 years' imprisonment for count 2, with credit for 279 days served. Villa timely filed a notice of appeal, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

**¶6**　　　　We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find only an error regarding Villa's requirement to pay costs associated with DNA testing.

**¶7**　　　　Villa was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Villa all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Villa's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

**¶8**　　　　The superior court incorrectly ordered Villa to pay costs associated with DNA testing under A.R.S. § 13-610. *See State v. Reyes*, 232 Ariz. 468, 472, ¶ 11 (App. 2013) (stating that the legislature did not intend convicted felons to pay the cost of DNA testing). Thus, we vacate the portion of the order requiring Villa to pay for his DNA testing.

## CONCLUSION

**¶9**　　　　Defendant's convictions and sentences are affirmed as modified. After the filing of this decision, defense counsel's obligations pertaining to Villa's representation in this appeal will end after informing him of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Villa has 30 days from the date of this

decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA